DISTRICT OF NEW JERSEY
UNITED STATES BANKRUPTCY COURT

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Michael E Blaine, Esq. (ID #018132006)
SCHILLER, KNAPP,
LEFKOWITZ & HERTZEL, LLP
A LLP Formed in the State of New York
30 Montgomery Street, Suite 1205
Jersey City, New Jersey 07302
 (518) 786-9069
Attorneys for Creditor, Lakeview Loan Servicing, LLC by its servicing agent M&T Bank

**Order Filed on November 1, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey**

In Re:

   JONATHAN W. HODGES
   AND VALENTINA K. HODGES,

           Debtors.

Case No.: 16-12299-JNP

Hearing Date: November 1, 2016

Judge: Hon. Jerrold N. Poslusny, Jr.

Chapter: 13

## ORDER VACATING AUTOMATIC STAY

The relief set forth on the following page, numbered two (2) is hereby **ORDERED.**

**DATED: November 1, 2016**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

11

**Page 2**
Debtor: JONATHAN W. HODGES
AND VALENTINA K. HODGES
Case No.: 16-12299-JNP
Caption of Order:   **Order Vacating Automatic Stay**

---

Upon the motion of Creditor Lakeview Loan Servicing, LLC, by its servicing agent M&T Bank, on behalf of itself and its successors and/or assigns (hereinafter collectively "Secured Creditor" and/or Movant), under Bankruptcy Code §362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown,

ORDERED as follows:

The automatic stay of Bankruptcy Code Section 362(a) is vacated to permit the movant its successors and/or assigns to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to foreclose mortgage(s) held by the movant upon the following:

Land and premises commonly known as **10 Kennerly Court, Marlton, New Jersey 08053**

It is further ORDERED that the movant, its successors or assignees, may proceed with its right and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement to possession of the property.

The movant may join the debtor and any trustee appointed in this case as defendants in its foreclosure action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this Order on the debtor, any trustee and any other party who entered an appearance on the motion.

The Trustee shall receive notice of any surplus monies received.

12